UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Josephine T. Rossi,

Appellant

-against-

Andrea E. Celli,

Appellee.

Dist. Ct. Civil Action
1:08-MC-0081
(LEK)

IN RE Josephine T. Rossi

Debtor,

Bankr. Case No. 05-17735-rel

**DECISION AND ORDER**

On September 18, 2008, Debtor Josephine T. Rossi ("Debtor" or "Rossi") filed a Motion/Proposed Order to Show Cause for a stay pending appeal with a temporary restraining order ("TRO") seeking to prevent her eviction from her home. Dkt. No. 1. This Court granted the injunctive relief requested pending a hearing scheduled for Wednesday, September 24, 2008 at 2:30p.m. on the Motion for a stay pending appeal. Dkt. No. 2. On September 22, 2008, the County of Albany filed an Affidavit in opposition to Debtor's Motion and Debtor filed a Reply on September 23, 2008. County Aff. (Dkt .No. 3); Reply (Dkt. No. 6). At the hearing on September 24, 2008, the Court heard arguments from the Debtor and the County of Albany and extended the TRO until the date of this Decision. See Dkt. No. 7.

## I. Background

Rossi filed a Chapter 13 bankruptcy petition on October 7, 2005. On October 31, 2005,

she filed a plan, which was confirmed on March 23, 2006. The plan was confirmed for 12 months and was to be funded through the liquidation of a worker's compensation claim. Proceeds of the worker's compensation claim were to be paid over to the Trustee, and then were to be paid to the County in satisfaction of delinquent real property taxes. The amount of delinquent taxes now due, including interest and fees, is $24,617.85. Dkt. No. 3.

Debtor was represented by counsel during the Bankruptcy proceedings, but is now proceeding *pro se*.

On September 5, 2008, the Bankruptcy Court dismissed the case for Debtor's failure to comply with her confirmed plan. The Bankruptcy Court considered that the plan, originally confirmed for 12 months, was almost 3 years old, the worker's compensation claim had not been liquidated, and the County had not been paid.

Debtor filed a Notice of Appeal in the Bankruptcy Court on September 12, 2008. On September 15, 2008, Debtor filed, in the Bankruptcy Court, an Order to Show Cause ("OSC") for a stay pending appeal of the dismissal order. The Bankruptcy Court granted a TRO pending a hearing on the OSC to be held on September 18, 2008. On September 18, 2008, the Bankruptcy Court denied Debtor's OSC for failure to meet the factors enunciated in Hirshfeld v. Board of Education, 984 F.2d 35, 39 (2d Cir. 1993) and/or as moot because the case had been dismissed on September 5, 2008. Bankruptcy Court Dkt. No. 70. The Court, however, stayed the County from evicting Debtor until September 23, 2008 to allow Debtor to seek emergency relief from this Court.

## II. Legal Standard

Hirshfeld v. Board of Education requires that to grant a stay pending appeal, the Court

must consider the following factors: (1) whether the movant will suffer irreparable harm absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; and, (4) the public interests that may be affected. 984 F.2d at 39. The party seeking a stay pending appeal bears the burden of proving an entitlement to the stay. United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995) ("A party seeking a stay of a lower court's order bears a difficult burden.").[1]

## III. Discussion

### A. Harm or injury to the parties

The first two Hirschfeld factors consider whether Debtor will suffer irreparable harm absent a stay and whether the County will suffer substantial injury if a stay is issued. In her papers, Rossi addresses only the first factor and how "the County of Albany has acted in ways

[1] A number of district and bankruptcy courts within this circuit have classified the stay pending appeal standard as involving elements, all of which must be demonstrated by the movant in order to obtain relief. In re Tower Automotive, Inc., No. 05-10578(ALG), 2006 WL 2583624, at *1 (Bankr.S.D.N.Y. June 28, 2006) ("The moving party carries a heavy burden in that all four criteria must be satisfied to some extent before a stay is granted.") (internal quotation and citation omitted); In re Baker, No. 05-CV-3487 (CPS), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005) ("The case law suggests that all four criteria must be satisfied for a stay to be issued.") (internal quotation and citation omitted); ePlus, Inc. v. Katz (In re Metiom, Inc.), 318 B.R. 263, 271 (S.D.N.Y. 2004) ("[T]he movant's failure to satisfy one prong of the standard for granting a stay pending appeal [of a bankruptcy court order] dooms the motion.") (internal quotation and citation omitted). However, the Second Circuit has treated the general inquiry for granting a stay pending appeal as involving factors, rather than elements, which are to be weighed in considering whether or not to grant relief. See Hirschfeld, 984 F.2d at 39 (characterizing the criteria as factors); see also Drywall Tapers and Pointers of Greater New York, Local 1974 v. Local 530 of the Operative Plasters' and Cement Masons' Int'l Assoc., AFL-CIO, No. 93-CV-0154(JG), 2005 WL 638006, at *13 (balancing the criteria as factors). The Court, however, need not reach the question of the appropriate standard of review because it concludes, as discussed *infra*, that the Debtor's application should be denied under even the more generous standard, which treats the criteria as factors to be balanced rather than elements that all have to be necessarily satisfied.

that have prevented [her] from defending [her]self." Dkt. No. 1. She argues that she will suffer irreparable injury because she will lose her home if she and her cats are evicted. The County of Albany, in their Response, address all four factors. Initially, the County argues that Debtor's injury is not irreparable because it is compensable by money damages. Dkt. No. 3 at 3 (citing Medgar Evers Houses Associates, L.P. v. Carro, 2001 U.S. Dist. LEXIS 18594 and In re Fischer, 308 B.R. 631, 650 (E.D.N.Y. 2004)). The County argues, for purposes of establishing the injury they would suffer from a stay, that, "[d]ue to the litigous nature of the Debtor, the considerable delays of the case, and the questionable good faith of the Debtor as to her desire to repay her creditors," the County has "for many years" been unable to continue its *in rem* delinquent tax lien foreclosure proceeding on the relevant properties. Id. at 4.

**B. Debtor's possibility of success on the merits**

The third element requires Debtor to establish a substantial possibility of success on the merits. The County argues that Debtor has failed to demonstrate a substantial possibility of success on the merits of the appeal of the September 5 Dismissal Order. They note that the case was dismissed because Debtor failed to comply with her confirmed plan. Debtor does not specifically address the merits of her appeal, beyond stating that the Bankruptcy Court improperly dismissed her Chapter 13 case. Dkt. No. 1. However, she does challenge the propriety of the foreclosure, including an alleged failure to serve her (no date is given for which part of the foreclosure proceeding is referred to), states that the County's transfer of deeds was a violation of an automatic stay, and challenges the County's standing.

Unfortunately, these issues do not appear to have been the basis for the dismissal of Debtor's Bankruptcy case. Rather, these issues were addressed by the Bankruptcy Court at other

times or were state court issues addressed during the *in rem* proceeding and dismissed on May 5, 2005. In addition, Debtor presented these same issues in her request to Judge Littlefield for a stay pending appeal. He denied the request after finding that these claims lacked merit, that Debtor did not satisfy her burden under Hirschfeld, and that the arguments did not affect the dismissal of the case, which was based on Debtor's failure to comply with her plan.

**1. Legal Standard**

A district court may only overturn a bankruptcy court's decision to dismiss a case only if the district court determines that the bankruptcy court has abused its discretion. See, e.g., In re Crysen/Montenay Energy Co., 166 B.R. 546, 549 (S.D.N.Y. 1994) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings. Sears, Roebuck, and Co. v. Spivey, 265 B.R. 357, 364 (E.D.N.Y. 2001) (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990). Findings of fact may be considered clearly erroneous only if the reviewer is left with a "definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). A bankruptcy court also abuses its discretion if it commits a clear error of judgment. See id.

**2. Analysis**

Pursuant to 11 U.S.C. § 1307(c), on request of a "party in interest," a bankruptcy court may dismiss a Chapter 13 case "for cause." In re Plagakis, No. 03-CV-0728, 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004). Section 1307(c) provides a non-exhaustive list of "causes" that constitute grounds for dismissal. See 11 U.S.C. § 1307(c). Under § 1307(c)(6), for example, a court may dismiss a Chapter 13 case upon "material default by the debtor with respect to a term

of a confirmed plan." Id.

In this case, the Bankruptcy Court found that Debtor failed to comply with her plan. Specifically, the plan was confirmed for 12 months and required Debtor to liquidate a worker's compensation claim to pay delinquent taxes. The plan, however, went to 35 months, the worker's compensation claim was never liquidated, and the County was never paid the delinquent taxes owed. At the hearing on a stay pending appeal, the Bankruptcy Court also noted Debtor's failure to take steps to address her noncompliance with the plan, such as a motion to modify or extend the plan. Given the Debtor's noncompliance with the plan, it cannot be said that the Bankruptcy Court abused its discretion in dismissing the Chapter 13 case.

Under the deferential "clearly erroneous" standard, a reviewing court may not "reverse the finding of a trier of fact simply because it is convinced that it would have decided the case differently." Anderson v. City of Bessamer City, 470 U.S. 564, 573 (1985). The standard applies both to credibility assessments and "physical or documentary evidence or inferences from other facts." Id. at 565.

Accordingly, Judge Littlefield's findings of facts survive under the deferential "clearly erroneous" standard, including the resulting factual conclusion or inference that Debtor has not complied with the plan. Since Debtor's case was dismissed for failure to comply with her confirmed plan, the only legal question for the Court to review on appeal would be whether dismissal is appropriate when a debtor fails to comply with their confirmed plan. Upon the Bankruptcy Court's factual findings, the law would appear to support dismissal. See 11 U.S.C. § 1307(c)(6), see also, e.g., Bethune v. Reiber, 2006 U.S. Dist. LEXIS 19669 (W.D.N.Y. April 14, 2006) (affirming dismissal of debtor's case for debtor's failure to make plan payments on finding

that failure to make payments pursuant to confirmed plan constituted a material default for purposes of 11 U.S.C. § 1307); In re Davis, 64 B.R. 358, 359 (S.D.N.Y. 1986) (noting that failure to make post-petition payments constitute a material default and is a specific ground for converting or dismissing a Chapter 13 case).

The Court therefore finds that Debtor has failed to demonstrate a substantial likelihood of success on the merits.

**C. The public interests that may be affected**

The County argues that the case presents a drain on judicial resources, as well as County and taxpayer resources, and that the granting of a stay would affect public interests, consisting of: [1] "the County's interest in disposing of the properties so as to avoid continued liability exposure; [2] the County's attempt to recoup its delinquent taxes; and [3] the County's desire to restore the Properties to the tax rolls and in the hands of responsible property owners." Dkt. No. 3 at 4. Debtor does not address this factor.

The Court notes that these unrebutted interests have weight, given the "public interest in the expeditious administration of bankruptcy cases [which] is impaired by obstructing the trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." ePlus, Inc. v. Katz (In re Metiom, Inc.), 318 B.R. 263, 272 (S.D.N.Y. 2004) (internal quotation and citation omitted) (finding also that "the public interest in the expeditious administration of bankruptcy cases as well as in the preservation of the bankrupt's assets for purposes of paying creditors, rather than litigation of claims lacking a substantial possibility of success, outweighs the public interest in resolving the issues presented here on appeal.").

The Court notes, even given these interests, that there is always sympathy and concern for

anyone who is being evicted from their home, especially after residing in it for 25 years, and especially during this time when there is so much turmoil in the country's housing market. Nonetheless, a homeowner must still be accountable and responsible for his or her obligations.

**IV. Considering all four factors**

Considering the balance of hardships and injury, the public interest, and the strength of the Court's determination that Debtor is unlikely to succeed on the merits of her appeal, a weighing of the factors based on the evidence before the Court at this juncture tips decidedly in favor of denying Debtor's application for a stay pending appeal. However, due to the immediate eviction that Debtor faces based on this Court's denial of the stay pending appeal, the Court is granting Debtor's request for thirty (30) days notice time to seek an alternative housing solution. Accordingly, the County of Albany is enjoined from initiating eviction proceedings against Debtor Josephine Rossi for thirty (30) days from the date of this Order.

The Court also hopes that Debtor might be able to reach a solution with the County within the thirty (30) day notice time. If the parties are able to successfully work out a full resolution of the complete claim within that time, to which both parties stipulate, they are to return to the Court, which will retain jurisdiction over the case for the thirty (30) day period.

**V. Conclusion**

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion for a stay pending appeal (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that the County of Albany is **ENJOINED**, effective immediately, from initiating eviction proceedings against Debtor Josephine Rossi for **thirty (30) days** from the date

of this Order; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the case for **thirty (30) days** from the date of this Order; and it is further

**ORDERED**, that after thirty (30) days from the date of this Order, if no further action is taken in the matter, the Debtor's appeal shall be **DISMISSED** without further Order of the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED: September 26, 2008
Albany, New York

Lawrence E. Kahn
U.S. District Judge