UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| Josephine T. Rossi, | |
|       Appellant, | Dist. Ct. Civil Action<br>1:08-MC-0081 (LEK) |
|       -against- | |
| Andrea E. Celli, | |
|       Appellee. | |

| | |
|---|---|
| IN RE Josephine T. Rossi, | |
|       Debtor, | Bankr. Case No. 05-17735-rel |

**<u>DECISION AND ORDER</u>**

On September 18, 2008, Debtor Josephine T. Rossi ("Debtor", "Appellant" or "Rossi") filed a Motion/Proposed Order to Show Cause for a stay pending appeal with a temporary restraining order ("TRO") seeking to prevent her eviction from her home. Dkt. No. 1. This Court granted the injunctive relief requested pending a hearing scheduled for Wednesday, September 24, 2008 at 2:30p.m. on the Motion for a stay pending appeal. Dkt. No. 2. Following the hearing, the Court issued a Decision and Order on September 26, 2008 denying Rossi's Motion for a stay pending appeal, but enjoining the County of Albany from initiating eviction proceedings against Rossi for thirty (30) days from the date of that Order in order to give Rossi time to seek an alternative housing solution. Order at 8 (Dkt. No. 8) ("September 26 Order"). Rossi filed the present Motion for reconsideration on October 9, 2008. Dkt. No. 9. On October 23, 2008, the Court issued an Order enjoining the County of Albany from initiating eviction

proceedings against Rossi until the Court issued an Order on the pending Motion for reconsideration.  Dkt. No. 14.

**I.     Background**

Rossi filed a Chapter 13 bankruptcy petition on October 7, 2005.  On October 31, 2005, she filed a plan, which was confirmed on March 23, 2006.  The plan was confirmed for 12 months and was to be funded through the liquidation of a worker's compensation claim.  Proceeds of the worker's compensation claim were to be paid over to the Trustee, and then were to be paid to the County in satisfaction of delinquent real property taxes.  The amount of delinquent taxes now due, including interest and fees, is $24,617.85.  Dkt. No. 3.

Debtor was represented by counsel during the Bankruptcy proceedings, but is now proceeding *pro se*.

On September 5, 2008, the Bankruptcy Court dismissed the case for Debtor's failure to comply with her confirmed plan.  The Bankruptcy Court considered that the plan, originally confirmed for 12 months, was almost 3 years old, the worker's compensation claim had not been liquidated, and the County had not been paid.

Debtor filed a Notice of Appeal in the Bankruptcy Court on September 12, 2008.  On September 15, 2008, Debtor filed, in the Bankruptcy Court, an Order to Show Cause ("OSC") for a stay pending appeal of the dismissal order.  The Bankruptcy Court granted a TRO pending a hearing on the OSC to be held on September 18, 2008.  On September 18, 2008, the Bankruptcy Court denied Debtor's OSC for failure to meet the factors enunciated in Hirschfeld v. Board of Education, 984 F.2d 35, 39 (2d Cir. 1993) and/or as moot because the case had been dismissed on September 5, 2008.  Bankruptcy Court Dkt. No. 70.  The Bankruptcy Court, however, stayed

the County from evicting Debtor until September 23, 2008 to allow Debtor to seek emergency relief from this Court.

This Court, in the September 26 Order, found that Rossi had failed to demonstrate a substantial possibility of success on the merits of her appeal of the Bankruptcy Court's September 5 Dismissal Order.  September 26 Order at 4-7 (Dkt. No. 8).  The Court found that given Rossi's noncompliance with the plan, the Bankruptcy Court did not abuse its discretion when it dismissed her Chapter 13 case "for cause" pursuant to 11 U.S.C. § 1307(c).  Id.  The Court then found that a weighing of all four Hirschfeld factors required a denial of Debtor's application for a stay pending appeal.  Id. at 8.

**II.    Legal Standard**

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The burden on a party moving for reconsideration of an order is thus substantial.  Toland v. Walsh, No. 9:04-CV-0773, 2008 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008).  There are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.  Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983).  However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70

F.3d at 257.  A motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'… ."  Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  "Final judgments should not be lightly reopened."  Id.

**III.     Discussion**

In her original Motion for a TRO and/or stay pending appeal, Debtor did not directly address the merits of her appeal, but challenged other issues that were not before the Bankruptcy Court when it dismissed her case, including an alleged failure to serve her, a claim that the County's transfer of deeds was a violation of an automatic stay, and a challenge to the County's standing.  However, none of these issues were the basis for the Bankruptcy Court's dismissal of the Debtor's case.  They were all addressed by the Bankruptcy Court at other times or were state court issues addressed during the *in rem* proceeding and dismissed on May 5, 2005.  Debtor then presented these same issues in her request to Judge Littlefield for a stay pending appeal.  He denied the request after finding that these claims lacked merit, that Debtor did not satisfy her burden under Hirschfeld, and that the arguments did not affect the dismissal of the case, which was based on Debtor's failure to comply with her plan.  In her Motion for a TRO and/or stay pending appeal before this Court, Debtor brought up the same issues.  Dkt. No. 1.  This Court found that those arguments did not satisfy her burden under Hirschfeld and that the arguments

4

she presented did not affect the dismissal of her case.  September 26 Order (Dkt. No. 8).[1]

In her Motion for reconsideration, Rossi makes the same arguments that she made to this Court in her original Motion and that she made to the Bankruptcy Court in her request for a stay. See Appellant's Mem. of Law at 3, 5-7, 13 (Dkt. No. 9), but cf., e.g., id. at 9 (stating that the Bankruptcy Court had previously decided the County's standing before the motion to dismiss). However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Shrader, 70 F.3d at 257.  A motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'… ." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  "Final judgments should not be lightly reopened."  Id.  Rossi has not alerted the Court to any overlooked controlling decision, constitutional provision, or data which may be reasonably expected to alter the Court's previous Decision.  Accordingly, Rossi has not established any "exceptional circumstances" under which reconsideration is warranted.

Finally, Rossi requests that if the Motion for reconsideration is denied, that the Court grant her yet another 30-60 day stay.  Appellant's Mem. of Law at 14 (Dkt. No. 9).  The Court had previously granted Rossi the thirty (30) days that she requested in order to seek an alternative

---

[1] See, e.g., September 26 Order at 6 (noting that "[s]ince Debtor's case was dismissed for failure to comply with her confirmed plan, the only legal question for the Court to review on appeal would be whether dismissal is appropriate when a debtor fails to comply with their confirmed plan.")

housing solution.  September 26 Order at 8 (Dkt. No. 8).  That stay was further extended during the pendency of the present Motion.  Dkt. No. 14.  Rossi gives no basis for her current request for yet another stay.  Having previously found that there is no legal basis for a stay pending appeal, the request is denied.

### IV.     Conclusion

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion for reconsideration (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED**, that the Court's September 26, 2008 Order (Dkt. No. 8), denying Rossi's request for a stay pending appeal (Dkt. No. 1) is **AFFIRMED**; and it is further

**ORDERED**, that this case is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     November 03, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge